J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02886-SSS-BFMx | Date | May 26, 2026 |
|---|---|---|---|
| Title | *Sidney Bonnen Birch v. James William Heffel* | | |

**Present: The Honorable**    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff Sidney Bonnen Birch, proceeding pro se, filed this action on October 30, 2025, against Defendant James William Heffel. [Dkt. No. 1]. As of early 2026, the record reflected no proof of service, and on February 4, 2026, the Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution. [Dkt. No. 12]. At a hearing on February 6, 2026, the Court extended Plaintiff's deadline to serve the Complaint or an amended complaint to May 7, 2026, granted leave to amend, and expressly warned Plaintiff that failure to serve Defendant Heffel could result in dismissal. [Dkt. No. 13]. The Court discharged the Order to Show Cause in light of that extension. [Dkt. No. 15].

The May 7, 2026 deadline has passed. Plaintiff has not filed an amended complaint, and the record contains no proof of service on Defendant Heffel. Instead, on May 8, 2026, Plaintiff filed a Status Report and Request for Additional Time, representing that he is "presently unable to proceed with this case" due to health concerns, financial hardship, the inability to retain counsel, and other circumstances. [Dkt. No. 16]. Plaintiff requests additional time and, in the alternative, requests that any dismissal be without prejudice. [*Id.*].

District courts have inherent authority to dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b). In deciding whether to do so, the Court weighs the public interest in expeditious resolution, its need to manage its docket, the risk of prejudice to the defendant, the policy favoring disposition on the merits, and the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). A pro se plaintiff is held to the same procedural rules as a represented party. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The factors favor dismissal. This action has been pending since October 2025, Defendant Heffel has never been served, and the case cannot advance while the named Defendant remains outside the Court's jurisdiction. Plaintiff's own filing makes clear he is not presently able to litigate and identifies no date by which he expects to be able to do so, and an indefinite continuance is not consistent with the orderly management of the docket.

The policy favoring disposition on the merits ordinarily weighs against dismissal, and the Court gave that policy substantial weight when it extended the service deadline, granted leave to amend, and discharged the prior Order to Show Cause rather than dismissing in February. [Dkts. No. 13, 15]. But the merits cannot be reached where the Defendant has never been brought into the case. As for less drastic sanctions, the Court has already employed them: it warned Plaintiff that failure to serve by May 7, 2026, could result in dismissal. Dismissal without prejudice is itself a lesser sanction, as it does not foreclose Plaintiff from refiling once he is able to proceed.

The Court does not discount the personal difficulties Plaintiff describes, including the conduct he perceived as threatening. [Dkt. No. 16]. The Court expresses no view on those allegations, which concern matters and individuals not before it, and nothing in this Order limits Plaintiff's ability to seek appropriate relief through other channels. Dismissal without prejudice accommodates Plaintiff's own alternative request and preserves his ability to return to this Court should his circumstances change.

As such, Plaintiff's request for additional time is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to effect service. All dates and deadlines are **VACATED**. (JS-6)

**IT IS SO ORDERED.**

CIVIL MINUTES—
                                                  GENERAL                    Initials of Deputy Clerk <u>iv</u>